IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LAWRENCE E. JONES, | ) | |
| | ) | |
| Petitioner, | ) | 4:05cv3235 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| ROBERT HOUSTON, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 5, the respondent's Motion for Summary Judgment, and filing no. 9, the petitioner's Opposition to Summary Judgment. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Lawrence E. Jones alleges violations of his civil rights in connection with his conviction on or about June 17, 1988, and sentence on or about August 19, 1988, in the District Court of Sarpy County, Nebraska. In filing no. 5, the respondent contends that the statute of limitations set forth in 28 U.S.C. § 2244(d) expired before the petitioner filed his § 2254 petition in this court, and that the § 2254 petition is therefore barred as untimely. The court agrees.

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a one-year statute of limitations on petitions for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2244(d) states:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Absent a later triggering date under 28 U.S.C. § 2244(d)(1)(B)-(D), the one-year period for filing a § 2254 petition in federal court begins to run on the date the challenged state-court judgment becomes final, i.e., upon conclusion of direct review or at the end of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). See, e.g., Nichols v. Bowersox, 172 F.3d 1068, 1072 (8th Cir. 1999):

> In Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187... (1999), § 2244(d)(1)(A) was interpreted by a panel of this court as follows: the running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ.

### Grace Period

State prisoners, like the petitioner, whose convictions became final before enactment of the AEDPA in 1996 received a one-year grace period from the AEDPA's effective date to file their § 2254 petitions in federal court. The one-year grace period

began on April 24, 1996 and, unless extended or tolled in a particular case, expired on April 24, 1997. Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001); Mills v. Norris, 187 F.3d 881, 882 (8th Cir. 1999).

After the entry of judgment against the petitioner on or about August 19, 1988, he did not file a direct appeal of his conviction or sentence. Therefore, the judgment became final 30 days after the entry of judgment when the time for such an appeal expired. As the petitioner's conviction became final before the AEDPA's effective date, he received the benefit of the AEDPA grace period. Therefore, the AEDPA statute of limitations began to run in the petitioner's case on April 24, 1996 and expired on April 24, 1997, unless extended or tolled in the interim between April 24, 1996 and April 24, 1997.

### Tolling of the Limitations Period

28 U.S.C. § 2244(d)(2) directs that the one-year statute of limitations shall be tolled while a habeas corpus petitioner exhausts any available state postconviction remedies. See Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001). Accord Hatcher v. Hopkins, 256 F.3d 761, 763 (8th Cir. 2001). In calculating the limitations period, section 2244(d)(2) provides that "[t]he time during which a properly filed application for State postconviction or other collateral review ... is pending shall not be counted." (Emphasis added.)

After the petitioner sought collateral review of his conviction in the state courts in 1995, his first postconviction action ended on March 19, 1997, when the Nebraska Supreme Court denied further review. Thus, between April 24, 1996 (the beginning of the AEDPA grace period) and March 19, 1997 (the end of the petitioner's first postconviction proceeding), the AEDPA statute of limitations did not run. The statute then began to run on March 20, 1997 and expired one year later on or about March 20, 1998.

The petitioner did not file another postconviction action until January 3, 2005. By that time, the deadline for asserting the petitioner's claims in a § 2254 petition in federal court had previously expired on March 20, 1998. Therefore, the petitioner's second postconviction proceeding in state court did not toll or revive the previously expired AEDPA limitations period. See Painter v. Iowa, 247 F.3d 1256 (8th Cir. 2001) (once the AEDPA's one-year limitations period has ended, exhaustion of state remedies, even if timely under state law, does not extend, toll, or reset the deadline for filing a federal habeas corpus petition).

### Issue of Equitable Tolling

The petitioner alleges that he first began to receive an effective medication for his mental condition on April 24, 2003, and not until then did his cognitive functioning and memory improve sufficiently to enable him to proceed in court. Therefore, the plaintiff alleges that the AEDPA statute of limitations in his case should have been equitably tolled until April 24, 2003, and the limitations period should not have expired until a year thereafter, i.e., on April 24, 2004.

Even if the court were to adopt the petitioner's argument, it is not apparent how that reasoning assists the petitioner, as he did not file either his second state postconviction action or a federal § 2254 petition until 2005. Even under the petitioner's calculations, the AEDPA statute of limitations, having expired on April 24, 2004, barred the petitioner's § 2254 petition when filed on September 13, 2005.

IT IS THEREFORE ORDERED:

1.   That filing no. 5, the respondent's Motion for Summary Judgment, is granted;

4

2.   That filing no. 9, the petitioner's Opposition to Summary Judgment, is overruled;

3.   That the Petition for Writ of Habeas Corpus filed by Lawrence E. Jones is denied and dismissed with prejudice; and

4.   That a separate judgment will be entered accordingly.

DATED this 22nd day of November, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge